IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CSFB 1998-C2 TX FACILITIES, LLC, § | | |
| Plaintiff/Judgment Creditor, § | | |
| § | | |
| v. § | Civil Action No. 3:16-CV-514-M | |
| § | | |
| CHARLES SCHWAB & CO., INC., § | | |
| Garnishee, § | | |
| § | | |
| and § | | |
| § | | |
| WALTER W. RECTOR and SHIRLEY § | | |
| RECTOR, § | | |
| Defendants/Judgment Debtors. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By the *Order of Referral* dated September 7, 2016 (doc. 22), before the Court for recommendation is *Judgment Debtor's Motion for Partial Summary Judgment*, filed September 2, 2016 (doc. 19). Based on the relevant filings, evidence, and applicable law, the motion should be **DENIED**.

**I. BACKGROUND**

On February 24, 2016, CSFB 1998-C2 TX Facilities, LLC (Plaintiff), filed this application for a writ of garnishment against Charles Schwab & Co., Inc. (Garnishee), after obtaining a judgment against Walter Rector and Shirley Rector (Defendant) in Civil Action No. 3:14-CV-4142-M in the Northern District of Texas. (*See* doc. 1.) The garnishment was granted on March 17, 2016. (doc. 6.)

On May 2, 2016, Garnishee filed an answer stating that Defendant had a trust account named the Shirley Rector Irrevocable Trust (Trust) that might or might not be subject to the writ of garnishment. (doc. 10.) After intervening in this case, Defendant moved for summary judgment on grounds that the Trust should be excluded from the writ. (docs. 11-13, 19-20.) She alleges that the

Trust was funded by and created out of an amendment to the Byrd Family Trust[1] that placed her share of the Byrd family estate into an irrevocable trust with a spendthrift clause. (doc. 19 at 1-3.)[2] After Plaintiff was granted additional time for discovery, it filed a response arguing that the Trust was not an enforceable spendthrift trust, and objecting to the documents submitted by Defendant that allegedly created the Trust. (*See* doc. 26-29.) Defendant timely filed a reply, and her motion for summary judgment is now ripe for recommendation. (*See* doc. 35.)

## II. EVIDENTIARY OBJECTIONS

Plaintiff objects to Defendant's submission of the Second Amendment to Restated Trust Agreement of David L. Byrd (Second Amendment) that allegedly amended the Byrd Family Trust to place Defendant's share of the estate in the newly created Shirley Rector Irrevocable Trust. (doc. 29 at 3 n.1.) It argues that this exhibit is not competent summary judgment evidence because it is unsigned and violates Federal Rules of Evidence 801 and 1002. (*Id*.)

Under Rule 801, an out-of-court statement offered to prove the truth of the matter asserted is hearsay, except in limited circumstances and subject to certain exceptions, and is not admissible as evidence. *See* Fed. R. Evid. 801 and 802. The proponent of hearsay bears the burden of demonstrating that an exception to the hearsay rule applies. *Broadcast Music, Inc. v. Tex Border Mgmt., Inc.*, No. 3:10-CV-2524-BH, 2012 WL 4119111, at *4 (N.D. Tex. Sept. 18, 2012) (citing *Sowders v. TIC United Corp.*, No. SA-05-CA-309-OG, 2007 WL 3171797, at *1 (W.D. Tex. Aug. 15, 2007) (once a party properly makes a hearsay objection, the burden shifts to the proponent of evidence to show by a

---

[1] The Byrd Family Trust was created by Defendant's father, David L. Byrd, and distributed his assets to his family upon his death on June 25, 2014. (docs. 19 at 2, 21-2 at 2-3.)

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

preponderance of the evidence that the evidence falls within an exclusion or exception to the hearsay rule)).

Here, Defendant submitted a copy of the Second Amendment that purports to create the Trust, but it is not signed by the trust settlor. (doc. 21-2 at 5-7.) She includes a signed declaration from one of the trustees stating that a "true and correct copy of the [Second Amendment], which created the Trust, is attached," and the first sentence of the sixth paragraph contains the introductory clause of "[a]t the time the [Second Amendment] was executed . . . ." (*Id.* at 2-3.) The declaration does not explain the lack of signature, state who signed the Second Amendment or the date it was executed, or state that the trustee has personal knowledge that the Second Amendment was signed. (doc. 21-2 at 3.) Defendant alleges that the Trust was settled in 1991 (doc. 20 at 3), the Second Amendment shows that it was intended to be signed in 2012 (doc. 21-2 at 7), and the trustee's declaration swears to its creation on June 25, 2014 (doc. 21-2 at 3). Defendant failed to respond to the hearsay objection in her reply. (*See* doc. 35.)

The Second Amendment is offered to prove the truth of the matters asserted, i.e., that Defendant's share of the assets from the Byrd Family Trust was placed in the Shirley Rector Irrevocable Trust and not delivered to her outright as initially required. (docs. 19-20.) Though the Second Amendment appears to be a verbal act with independent legal significance, it is not a signed instrument, but only a copy of an unexecuted document purporting to create a trust. *See Kepner–Tregoe, Inc. v. Leadership Software, Inc.*, 12 F.3d 527, 540 (5th Cir. 1994) (citation omitted) (holding that "signed instruments such as wills, contracts, and promissory notes are writings that have independent legal significance and are nonhearsay" and that "the fact that two parties signed a contract is enough to create legal rights"); *see also Springfield Oil Servs., Inc. v. Meek*, No. 3:96-CV-0009-BC,

1997 WL 148023, at *3 (N.D. Tex. Mar. 24, 1997) (explaining that a "signed agreement or promissory note is a writing embodying a 'verbal act' with independent legal significance and, as such, is not hearsay").

Defendant has not met her burden of showing the admissibility of the unsigned Second Amendment. *See* Fed. R. Evid. 803 and 804. The hearsay objection is **SUSTAINED,** and the Second Amendment will not be considered.[3] *See Olmeda v. Cameron Int'l Corp.*, 139 F. Supp. 3d 816, 827-28 (E.D. La. 2015) (finding an unsigned, unsworn transcript to be inadmissible hearsay); *see Washington v. DART*, No. 3:09-CV-1178-B, 2010 WL 5393515, at *4-5 (N.D. Tex. Dec. 29, 2010) (finding an affidavit to be inadmissible because it was unsigned); *see also Harris v. Freedom of Info. Unit Drug Enf't Admin.*, No. 3:06-CV-0176-R, 2006 WL 3342598, at *1 (N.D. Tex. Nov. 17, 2006) (finding an unsigned letter as not properly authenticated and constituting inadmissible hearsay).

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record that reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant makes this showing, the non-movant must then direct the court's attention

---

[3] Because Plaintiff's hearsay objection is sustained, consideration of its additional objection under Rule 1002 is unnecessary. (doc. 29 at 3 n.1.)

to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id.* at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249.

"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)), neither conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.[4]

### IV. ANALYSIS

Defendant moves for partial summary judgment on grounds that the assets contained in the Shirley Rector Irrevocable Trust are exempt from garnishment because of a valid spendthrift clause. (*See* doc. 20.) To meet her burden, she must show that there is no genuine issue on whether the Shirley

---

[4] Rule 56 imposes no obligation "to sift through the record in search of evidence" to support a party's arguments for or against summary judgment. *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)).

Rector Irrevocable Trust was properly created and has an enforceable spendthrift clause under the laws of the relevant jurisdiction. *See In re Bradley*, 501 F.3d 421, 428 (5th Cir. 2007) (quoting Tex. Prop. Code § 112.035(d)) (explaining that a "spendthrift provision in a trust protects trust property from the beneficiary's creditors unless 'the settlor is also a beneficiary of the trust'"); *see also Matter of Goff*, 706 F.2d 574, 582 (5th Cir. 1983), *abrogated on other grounds by Patterson v. Shumate*, 504 U.S. 753 (1992).

Here, Defendant alleges that the Shirley Rector Irrevocable Trust was expressly created and settled as a spendthrift trust by her father, David L. Byrd, in California, and was funded upon his death on June 25, 2014. (doc. 19 at 2.) She attempts to meet her summary judgment burden by attaching copies of the signed restatement of the Byrd Family Trust, the unsigned Second Amendment to that trust, and a sworn declaration by one of the alleged trustees of the Shirley Rector Irrevocable Trust. (*See* doc. 21-2.) Because Plaintiff's objection was sustained, the Second Amendment is not admissible, and the only admissible evidence to which Defendant cites is the fully executed Byrd Family Trust document and the trustee's declaration. (*See id.* at 9-50.)

Under the terms of the Byrd Family Trust, Defendant was to receive a one-third share of David L. Byrd's trust estate upon his death "to [her] outright, provided she survives [him]." (*See id.* at 12.) Without consideration of the Second Amendment, there is no evidence to show an express creation of the Shirley Rector Irrevocable Trust, or to contradict the Byrd Family Trust's directive that Defendant's share of the Byrd family estate be delivered directly to her. The trustee's declaration, moreover, does not identify the specific terms that were amended by the Second Amendment or the validity of any spendthrift clause included in the Shirley Rector Irrevocable Trust. (*See id.* 21-2 at 2-3.) Accordingly, Defendant fails to identify specific and competent summary judgment evidence

showing that the Shirley Rector Irrevocable Trust was properly created and that it was to be funded pursuant to the Byrd Family Trust. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)) (explaining that a party must "identify specific evidence in the record" and "articulate the precise manner in which that evidence supports [those] claim[s]").

Even if the unsigned Second Amendment was considered, Defendant's motion would still be subject to denial because she has not shown that there is no fact issue as to whether the Shirley Rector Irrevocable Trust was created.[5] In California,[6] creation of an express trust requires: (1) a competent settlor; (2) settlor's intent to create the trust; (3) trust property; (4) trust purpose; and (5) a beneficiary.[7] Cal. Prob. Code §§ 15201–15203, 15205; *Luna v. Brownell*, 185 Cal. App. 4th 668, 674 n.7 (2010). The settlor's intent must be ascertained from his or her words and conduct in light of the circumstances surrounding the transaction. *Petherbridge v. Prudential Sav. & Loan Ass'n*, 79 Cal. App. 3d 509, 516 (1978) (citing *Abrams v. Crocker–Citizens Nat'l Bank*, 41 Cal. App. 3d 55, 59 (1974)). However, "[i]ntent is an inherently fact laden inquiry that does not lend itself to summary judgment." *In re Cedar Funding, Inc.*, 408 B.R. 299, 313 (Bankr. N.D. Cal. 2009) (citation omitted).

Here, Defendant's only evidence of the settlor's intent is the unsigned copy of the Second

---

[5] Defendant identifies the creation of the Shirley Rector Irrevocable Trust under her "Undisputed Facts" section, but Plaintiff's response does not appear to stipulate to this fact. It states, "[b]ased upon [Defendant's] allegations, it appears that the Trust was created in 2012 pursuant to the [Second Amendment]," and it objects to the admissibility of the Second Amendment that allegedly created the Trust. (*See* docs. 19 at 1-2, 29 at 3, 6-8.)

[6] Defendant alleges that the Trust was established under California law when it was created. (doc. 20 at 2.)

[7] Texas law has similar requirements, including the requirement that the trust settlor manifest an intent to create the trust. *See* Tex. Prop. Code §112.002 ("A trust is created only if the settlor manifests an intention to create a trust.").

Amendment, which is attributed to David L. Byrd. (doc. 21-2 at 5-7.) Her summary judgment motion does not discuss intent, and the trustee's declaration does not directly identify the settlor's intent in creating the Trust or that the settlor ever communicated his intent to the trustee. (*See* docs. 19, 20, 21-2 at 2-3.) Because the Second Amendment is unsigned and unsworn, it is insufficient to show whether it fully and accurately represents the settlor's intent, especially when compared to the fully executed document that clearly identifies that same settlor's intent to create the separate Byrd Family Trust. *See Lonely Maiden Prods., LLC v. GoldenTree Asset Mgmt., LP*, 201 Cal. App. 4th 368, 380 (2011) (citation omitted) (noting that it "is the manifestation of intention which controls and not the actual intention where that differs from the manifestation of intention").

Defendant, in essence, asks for the Court to infer the settlor's intent to create a spendthrift trust via a typed document attributed to him without ever addressing the lack of the settlor's signature or identifiable marks agreeing to its terms. *See In re Moeller*, 466 B.R. 525, 535 (Bankr. S.D. Cal. 2012) (finding that an express trust was not created because the plaintiff "failed to allege, or even argue, that [the potential settlors] had or stated any intent to create a trust or any intent that any particular asset be held in trust"); *see also Abrams v. Crocker-Citizens Nat. Bank*, 41 Cal. App. 3d 55, 60 (1974) (citations omitted) (explaining that "[m]oney does not necessarily constitute a trust fund because the parties characterize it as a 'trust'; the terms employed by the parties are only one of the factors to be considered"). Because all inferences and evidence must be viewed in a light most favorable to the non-moving party, Defendant has not shown the absence of a fact issue regarding the creation of the Shirley Rector Irrevocable Trust.

Accordingly, Defendant has not met her burden to prove that the assets contained in the Shirley Rector Irrevocable Trust are exempt from garnishment due to an enforceable spendthrift clause. She

has therefore not shown entitlement to judgment as a matter of law.

## V. RECOMMENDATION

*Judgment Debtor's Motion for Partial Summary Judgment*, filed September 2, 2016 (doc. 19), should be **DENIED**.

**SO RECOMMENDED** on this 28th day of April, 2017.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE